**310**            MATTER OF GALOT.

Surrogate's Court, New York County, February, 1919.   [Vol. 106.

Matter of the Estate of ALPHONSE ALFRED GALOT,
Deceased.

(Surrogate's Court, New York County, February, 1919.)

Transfer tax — what is not subject to — wills — real property — contracts.

Where sisters of decedent's wife who became the owners of certain real estate because she died intestate, conveyed the property to decedent in consideration of his oral agreement to convey it to them upon his death free and clear of incumbrances, and fifteen days later he devised the property to his grantors, it is not subject to a transfer tax.

APPEAL from an order fixing the transfer tax.

Patterson, Eagle, Greenough & Day (Carroll G. Walter and Dodge L. Marks, of counsel), for executor.

Werner & Harris, for Mrs. Fuller and Mrs. Harris.

Lafayette B. Gleason (Schuyler C. Carlton, of counsel), for state comptroller.

FOWLER, S.   This appeal is taken by the executor of the decedent from the report of the transfer tax appraiser and the order fixing the tax, on the ground that there were included among the taxable assets of the estate the house and lot known as No. 66 West Sixty-ninth street, in the city of New York.

The premises were owned by the wife of decedent in her lifetime, and at her death intestate, in 1909, became the property of her two sisters.   Shortly after the death of his wife the decedent verbally agreed with her sisters that if they would convey the property to him he would " transfer and convey " it to them " upon his death," free and clear of incumbrances.

Accordingly, a deed was executed by these sisters on the 4th day of January, 1910, transferring the premises to decedent, who, fifteen days later, made his will, in which he devised the house and lot to his grantors.

The transfer of the real estate by the will of decedent was in payment and satisfaction of an obligation incurred by him in his lifetime.  It was not a gift or a gratuity, but was founded on a contract made for a valuable and adequate consideration.  Although effected by the will of decedent, the transfer was not liable to the tax.  *Matter of Baker,* 83 App. Div. 530; affd., 178 N. Y. 575; *Matter of Vanderbilt,* 184 App. Div. 661.

The report of the transfer tax appraiser will be remitted to him for correction in accordance with this decision.

Report remitted.